IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ADVANCE WIRE FORMING, INIC., et al.,** | Case No. 1:18-cv-723 |
| Plaintiffs, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **JEFFREY STEIN, et al.,** | |
| Defendants | **MEMORANDUM OPINION & ORDER** (Resolving Doc. No. 184.) |

Currently before the Court is Defendants' Motion *In Limine* Excluding as Evidence Any and All Mediation Communications ("Defendants' Motion"). (Doc. No. 184.) Plaintiffs filed a Memorandum in Opposition to Defendants' Motion ("Plaintiffs' Opposition"). (Doc. No. 194.)

In Defendants' Motion, Defendants ask this Court to order that any statements made during the March 2016 mediation are privileged and inadmissible and prohibit Plaintiffs from eliciting testimony or offering evidence of any kind or type from Williams, James Monroe, Joseph Burke, Defendant Stein, or Judge Griffin regarding what was said (or was not said) during the mediation. (Doc. No. 184, PageID # 8861.) Defendants do acknowledge that the fact that the parties participated in mediation, and the parties' "'short form' mediation settlement agreement" are not privileged.[1] (*Id.*)

In Plaintiffs' Opposition, Plaintiffs assert that they have no intention of introducing any testimony regarding any statements made during the March 2016 mediation or any statements that were made for purposes of considering, conducting, participating in, initiating, continuing, or

---

[1] While acknowledging that what Defendants call the "'short form' mediation agreement" is not privileged, Defendants assert that it is likely inadmissible parol evidence, an issue Defendants address in a separate motion in limine. (Doc. No. 184, PageID # 8861, fn2. *See* Defendants' Motion in Limine to Exclude Parol Evidence, Doc. No. 190, PageID #s 8922, 8924.) Also, while Defendants refer to the "'short-form' mediation agreement" as Doc. No. 170-15, it is actually Doc. No. 170-13.

reconvening a mediation or retaining a mediator, acknowledging that such statements are privileged pursuant to R.C. § 2710.03, and argue, then, that Defendants' Motion should be denied as moot. (Doc. No. 194, PageID # 8954.)  However, Plaintiffs argue that to the extent Defendants' Motion seeks to exclude non-privileged statements made prior to the mediation, the non-privileged Mediation Agreement and Releases ("Mediation Agreement"), and/or the discussions and statements made in conjunction with the creation and signing of the June 2016 Settlement Agreement and its exhibits, including the Non-Competition Agreement, Defendants' Motion must be denied.

In its Memorandum Opinion and Order issued on October 16, 2019 (doc. no. 147) the Court concluded that Plaintiffs could obtain evidence regarding Stein's allegedly fraudulent statements made prior to the mediation through other means, including through the testimony of representatives of Plaintiffs to whom Stein had made his alleged misrepresentations.  Therein, the Court rejected Plaintiffs' argument that such evidence was not available because any statements made "before, during, or after the mediation . . . c[ould] all be said to be mediation communications" subject to the mediation privilege. (Doc. No. 98 at p. 11.)  That was because the Ohio Revised Code defines the term "mediation communication" as "a statement, whether oral, in a record, verbal or nonverbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." Ohio Rev. Code § 2710.01(B). Then, and now, the Court does not construe this definition to include any conversations that may have occurred prior to January 22, 2016 when Stein, through counsel, made a demand for mediation, and the conclusion of the mediation and execution of the "'short form' mediation agreement" or "Mediation Agreement and Releases" (hereinafter "the Mediation Agreement") on March 23, 2016.  (Doc. No. 170-13.)

2

Since Plaintiffs assert that they will not attempt to introduce evidence of any "mediation communication", as that term is defined in R.C.§ 2710.01(B), to the extent Defendants' Motion seeks an Order precluding Plaintiffs from introducing all mediation communications made during the mediation, it is DENIED AS MOOT. To the extent Defendants' Motion seeks an Order precluding Plaintiffs from introducing any conversations that may have occurred prior to the January 22, 2016 demand for mediation, and after the conclusion of the mediation and execution of the Mediation Agreement, it is DENIED. To the extent that Defendants' Motion seeks the preclusion of evidence regarding communications during the time frame of the January 22, 2016 demand for mediation and the conclusion of the mediation and execution of the Mediation Agreement, the Court holds its decision in abeyance to allow it to evaluate whether the specific communications Plaintiffs may seek to introduce fall within the definition of "mediation communication".

**IT IS SO ORDERED.**

Date: March 21, 2022

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE