**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Advance Wire Forming, Inc.,**<br>**et al.,** | **Case No. 1:18cv723** |
| **Plaintiffs,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| **Jeffrey Stein, et al.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendants** | |

Currently pending is the Motion of Defendants Jeffrey Stein and Plastic and Products Marketing, LLC to Bifurcate Plaintiffs' Punitive Damages Claim.  (Doc. No. 231.)  Plaintiffs Advance Wire Forming, Inc., Advance Industries Group, LLC, AIG Holdings, LLC, and James Williams filed a Brief in Opposition on September 20, 2022.  (Doc. No. 232.)  For the following reasons, Defendants' Motion (Doc. No. 231) is denied.

In their Motion, Defendants ask this Court to bifurcate the liability and punitive damages phases of trial.[1]  (Doc. No. 231.)  Defendants assert that bifurcation is mandatory under the express terms of Ohio Rev. Code § 2315.21(B).  (*Id*.)  They further maintain that the Ohio Supreme Court has found that this statute creates "a substantive, enforceable right to separate stages of the trial relating to the presentation of evidence for compensatory and punitive damages in tort actions and therefore takes precedence of [Ohio] Civ. R.  42(B)."  (*Id*. quoting *Havel v. Villa Saint Joseph*, 131

---

[1] This case has an extensive procedural history, which has been documented in previous decisions of this Court and will not be repeated herein.  *See, e.g.,* Doc. Nos. 163, 223.  Relevant to the instant motion, it suffices to say that the remaining claims in this action include Plaintiffs' claims for breach of contract and tortious interference. Plaintiffs seek compensatory damages with respect to their breach of contract claims, and punitive damages with respect to their tortious interference claim.

Ohio St.3d 235 (2012)).  While Defendants reference Fed. R. Civ. P. 42(b) in the first sentence of their Motion, they do not discuss the applicability of that Rule in light of Ohio Rev. Code § 2315.21(B) nor do they apply the relevant factors that district courts consider under Fed. Rule Civ. P. 42(b).

In response, Plaintiffs first argue that Ohio Rev. Code § 2315.21(B) is "usurped by the Federal Rules of Civil Procedure." (Doc. No. 232.)  Citing numerous district court decisions from the Northern and Southern Districts of Ohio, Plaintiffs maintain that federal district courts are not bound by the state's characterization of its own rule as "substantive." (*Id*. at p. 2.)  To the contrary, Plaintiffs argue that bifurcation is a procedural issue and, therefore, Fed. R. Civ. P. 42(b) governs a federal court's decision to try one or more claims separately.  (*Id*.)  Plaintiffs then assert that bifurcation "would not serve any purpose of Fed. R. Civ. P. 42(b) as [it] would be inconvenient, prejudicial, and would unnecessarily protract this litigation." (*Id*. at pp. 3-4.)

Ohio Rev. Code § 2315.21(B) and Fed. R. Civ. P. 42(b) provide different standards for bifurcation.  *See, e.g., Oster v. Huntington Bancshares*, 2017 WL 3208620 at *2 (S.D. Ohio Jul. 28, 2017).  Under Ohio Rev. Code § 2315.21(B), [2] an Ohio court "shall" bifurcate punitive damages and compensatory damages claims at trial, upon the motion of any party. Ohio Rev. Code § 2315.21(B)(1).  By contrast, Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court *may* order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b) (emphasis

---

[2] Ohio Rev. Code § 2315.21(B)(1) states, in pertinent part: "In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated[….]"

added).  In federal court, "[g]enerally, state substantive law and federal procedural law apply to state

claims." *Range v. Douglas*, 763 F.3d 573, 580 (6th Cir. 2014).

The Court finds that Ohio Rev. Code § 2315.21(B)(1) does not require bifurcation in the

instant action.  As Plaintiffs correctly note,[3] numerous district courts in this Circuit have found that,

in a federal action, the question of bifurcation of claims "is a procedural, and not substantive, matter."

*Pryor v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 354228 at *2 (S.D. Ohio Jan. 23, 2017).  *See also*

*Winter Enterprises, LLC v. West Bend Mutual Ins. Co.,* 2018 WL 11358421 at * 2 (S.D. Ohio Aug.

1, 2018); *Oster*, 2017 WL 3208620 at *2; *Patel Family Trust v. AMCO Ins. Co.*, 2012 WL 2883726

at * 1 (S.D. Ohio July 13, 2012).   As one district court in this Circuit recently explained:

> Under the *Erie* doctrine, a federal court sitting in diversity applies "the substantive law
> of the forum state and federal procedural law." *Biegas v. Quickway Carriers, Inc.*, 573
> F.3d 365, 374 (6th Cir. 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct.
> 817, 82 L.Ed. 1188 (1938)). When a Federal Rule of Civil Procedure is in "direct
> collision" with state law, the Federal Rule controls if its scope is "sufficiently broad
> to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740,
> 749, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) (citing *Hanna v. Plumer*, 380 U.S. 460,
> 470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). So long as the Federal Rule does not run
> afoul of the Rules Enabling Act—that is, so long as it really "regulates procedure" and
> does not "abridge, enlarge or modify any substantive right"—the federal court applies
> the Federal Rule instead the conflicting state law, even if the state law is substantive.
> *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407–09, 130
> S.Ct. 1431, 176 L.Ed.2d 311 (2010) (quoting 28 U.S.C. § 2072(b)).
>
> In this case, Ohio Revised Code § 2315.21(B)—which mandates bifurcation of
> compensatory and punitive damages claims in Ohio tort cases upon a motion of either
> party—directly conflicts with Fed. R. Civ. P. 42(b).  Rule 42(b) states that the district
> court may order bifurcation for "convenience, to avoid prejudice, or to expedite and
> economize[.]" Fed. R. Civ. P. 42(b).  The "language of Rule 42(b) places the decision
> to bifurcate within the discretion of the district court," *Saxion v. Titan-C-Mfg., Inc.*,
> 86 F.3d 553, 556 (6th Cir. 1996), unlike the text of Ohio Revised Code § 2315.21.

---

[3] Given the weight of authority in both this District and the Southern District of Ohio that bifurcation is not, in fact, mandatory under Ohio Rev. Code § 2315.21(B), it is disconcerting that Defendants failed to either acknowledge or address any of these cases in their Motion.

> Therefore, so long as Rule 42(b) does not violate the Rules Enabling Act, it will control bifurcation over the Ohio statute.
>
> Rule 42(b) is a valid procedural rule and therefore controls a bifurcation analysis in federal court despite the conflicting Ohio law.

*Bonasera v. New River Electrical Corp.,* 518 F.Supp.3d 1136, 1151 (S.D. Ohio 2021) (collecting cases).  *See also Thomas v. Auto Owners Mutual Ins. Co.*, 2022 WL 4104551 at * 1-2 (N.D. Ohio Sept. 8, 2022); *4 West LLC v. Auto Owners Mutual Ins. Co.*, 2021 WL 81748 at * 1 (S.D. Ohio Jan. 11, 2021).

This Court agrees with the reasoning of these district courts and finds that bifurcation is a procedural issue and, therefore, Fed. R. Civ. P. 42(b) (rather than Ohio Rev. Code § 2315.21(B)) applies.  The Ohio Supreme Court's decision in *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235 (2012) does not require a different result.  In that case, the Ohio Supreme Court held that Ohio Rev. Code § 2315.21(B) is "substantive" under Ohio law because it provides a party with a mandatory right to bifurcate punitive damages proceedings from the remainder of the case.  *Id*.  However, "[j]ust because the Ohio Supreme Court has interpreted Ohio Rev. Code § 2315.21(B) to provide a 'substantive' right to bifurcation does not mean that a federal court is bound by the characterization." *Patel*, 2012 WL 2883726 at * 2.  *See also Bonasera*, 518 F.Supp.3d at 1152.  "A state's characterization of its own rule as 'substantive' instead of 'procedural' must 'yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court.'"  *Patel,* 2012 WL 2883726 at *2 (quoting *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984)).  Accordingly, numerous federal courts have rejected the argument that federal district courts sitting in diversity are bound by the Ohio Supreme Court's decision in *Havel* to find that that Ohio Rev. Code 2315.21(b) requires bifurcation in federal proceedings.  *See, e.g.,*

*Bonasera*, 518 F.Supp.3d at 1152; *Thomas*, 2022 WL 4104551 at * 1-2; *4 West LLC*, 2021 WL 81748 at * 1; *Pryor*, 2017 WL 354228 at *2; *Oster*, 2017 WL 3208620 at *2.

This Court agrees and, therefore, finds that Fed. R. Civ. P. 42(b) applies. That Rule provides as follows:

> **Separate Trials**. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). Under Rule 42(b), "[b]ifurcation is appropriate (1) 'in furtherance of convenience,' (2) 'to avoid prejudice,' or (3) 'when separate trials will be conducive to expedition and economy.'" *Wellington v. Lake Health Sys.*, 2020 WL 1031537 at *1 (N.D. Ohio Mar. 3, 2020) (quoting *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)); *see also Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). "Courts have wide discretion when making bifurcation decisions, but that discretion must be grounded in one of the factors outlined in Rule 42(b) . . . . Only one of the criteria from Rule 42(b) needs to be met to justify bifurcation." *Id*. *See also Goodwin v. American Marine Express, Inc*., 2021 WL 3565627 at * 2 (N.D. Ohio Aug. 12, 2021).

"'[B]ifurcation is the exception to the general rule that favors resolving disputes in a single proceeding.' . . . In other words, 'bifurcation should be ordered only in exceptional cases.' . . . The party seeking bifurcation bears the burden of demonstrating that it is appropriate." *Wellington,* 2020 WL 1031536 at *2 (citations omitted). *See also Ferro Corp. v. Continental Cas. Co.,* 2008 WL 5705575 at *2 (N.D. Ohio Jan. 7, 2008) ("The party moving for bifurcation bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of granting the motion."). "Furthermore, any prejudice to the Defendant must be balanced against potential prejudice to the plaintiff." *Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.,* 163 F.R.D. 500, 504 (S.D.

5

Ohio 1995) (citation omitted). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556.

In the instant case, the Court finds that Defendants have failed to carry their burden of demonstrating that bifurcation under Fed. R. Civ. P. 42(b) is appropriate.[4] *See Wellington*, 2020 WL 1031537 at *1.  To the contrary, the Court agrees with Plaintiffs that the evidence and witnesses relating to punitive damages will likely overlap with the evidence and witnesses relating to the liability phase of trial.  Thus, bifurcation would in all likelihood require the presentation of much of the same evidence and many of the same witnesses on two separate occasions.  The Court finds that this would not be convenient (either to the parties, witnesses, or this Court) and that it would potentially lengthen the trial and place a considerable burden on all involved.  For this same reason, the Court finds that bifurcation would not be conducive to "expedition and economy." *Wellington*, 2020 WL 1031537 at * 1.  Lastly, the Court agrees that bifurcation would be prejudicial to Plaintiffs as it would likely require them to recall witnesses to appear and testify at a second proceeding on an undetermined date and time.  Moreover, any potential prejudice to Defendants can be overcome through appropriate limiting instructions.

---

[4] The Court notes that, although they could (and should) have done so, Defendants did not make any reasoned argument in their Motion regarding application of the relevant factors under Fed. R. Civ. P. 42(b) to the instant case.  Thus, the Court has no argument before it as to why Defendants believe it would be more convenient and/or expeditious to bifurcate the punitive damages claims from the liability phase of trial. Nor have Defendants advanced any argument or explanation as to how they believe they would be prejudiced if the punitive damages claims are not bifurcated.

Accordingly, and in the absence of any meaningful argument from Defendants to the contrary, the Court finds that bifurcation under Fed. R. Civ. P. 42(b) is not appropriate.  Defendants' Motion to Bifurcate (Doc. No. 231) is, therefore, DENIED.

**IT IS SO ORDERED.**

Date:  September 21, 2022

_s/Pamela A. Barker_
PAMELA A. BARKER
U. S. DISTRICT JUDGE