# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

Advance Wire Forming, Inc.,                          Case No. 1:18cv723
et al.,

                              Plaintiffs,        JUDGE PAMELA A. BARKER

              -vs-

Jeffrey Stein, et al.,                                   ORDER

                    Defendants


Currently pending is the Motion of Non-Party James P. O'Neill to Quash Subpoena.  (Doc. No. 244.)  Defendants Jeffrey Stein and Plastic and Products Marketing, LLC filed a Brief in Opposition to Mr. O'Neill's Motion on October 4, 2022.  (Doc. No. 257.) Plaintiffs Advance Wire Forming, Inc., Advance Industries Group, LLC, AIG Holdings, LLC, and James Williams filed a Response to Mr. O'Neill's Motion on that same date. (Doc. No. 255.)  For the following reasons, Mr. O'Neill's Motion to Quash (Doc. No. 244) is granted.

Mr. O'Neill previously served as corporate counsel for Plaintiffs from approximately June 2006 through October 2015.  (Doc. No. 244 at p. 1.)  On September 26, 2022, Defendants issued a Subpoena to Mr. O'Neill to appear and testify at the trial in this matter, which is set to begin on October 11, 2022.  (Doc. No. 244-3.)

In his Motion, Mr. O'Neill states that Defendants' subpoena should be quashed because his testimony would violate the attorney-client privilege and Plaintiffs have not waived the privilege. (Doc. No. 244-1 at p. 6-8.)  He further argues that, to the extent Defendants seek to question him regarding his personal observations of Defendant Stein's mental or physical health in 2015, such

testimony is (1) not relevant; (2) protected by the work product doctrine; and (3) obtainable by less obtrusive means, including Stein's own medical records.  (*Id*. at p. 9.)  Plaintiffs agree with each of Mr. O'Neill's arguments.  (Doc. No. 255.)

Defendants emphasize that they intend to conduct an "extremely limited examination" of Mr. O'Neill regarding a meeting between Defendant Stein and Mr. O'Neill the night before Stein entered the hospital for treatment of various mental health issues.  (Doc. No. 257 at p. 4.)  Specifically, Defendants indicate that they intend to ask Mr. O'Neill regarding his personal observations of "Stein's manner and bearings" on that evening in order to refute Plaintiffs' anticipated argument that Stein "faked" his mental breakdown.  (*Id*.)  Defendants argue that their intended questions do not call for information protected by either the attorney client privilege or the work product doctrine and are relevant to defending against Plaintiffs' claims.  (*Id*.)

For the following reasons, Mr. O'Neill's Motion to Quash is granted.  The Court questions the necessity of Mr. O'Neill's anticipated testimony.  As both Mr. O'Neill and Plaintiffs correctly note, evidence regarding Stein's physical and mental state when he entered the hospital in July 2015 can be elicited via less obtrusive means that do not carry the potential for violating the attorney-client privilege and/or work product doctrine.  Specifically, the parties have stipulated to the authenticity of Stein's medical/psychiatric records from Lutheran Hospital for his in-patient treatment from July 18 to 24, 2015, which document his physical and mental health during this time period.  Additionally, Plaintiffs state (and Defendants do not contest) that Stein's son, Michael, was in town and in communication with his father during this same time period.  Thus, Defendants have ample other means by which to introduce evidence regarding Stein's "manner," "bearing," and mental health issues in July 2015.

2

Accordingly, Mr. O'Neill's Motion to Quash Subpoena (Doc. No. 244) is GRANTED.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  October 5, 2022                                    U. S. DISTRICT JUDGE

3